## L. J. SUN v. JESSE MAKAINAI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 17, 1902.    DECIDED DECEMBER 1, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Interest as damages for the breach of a contract should be computed from the date of the breach, that is, from the accrual of the right of action.

In an action of assumpsit, a Circuit Court, on an appeal from the District Court, is not authorized to allow attorney's commissions on the amount of the judgment originally recovered in the District Court, but only on the amount of the judgment awarded in such Circuit Court.

Assumpsit for $184.45 for labor performed and goods sold and delivered. The District Court of Honolulu, in which the action was commenced, gave judgment for plaintiff for $79.45, attorney's commissions, $7.94, and costs of court, $3.55. On appeal, the Circuit Court of the First Circuit, jury waived, gave judgment for plaintiff for $184.45, principal, $17.70, interest thereon from December 30, 1900, $7.94, "attorney's commissions allowed in the District Court," $12.55 "attorney's commissions in this Court," and $13.65, costs. Defendants excepts (a) to the allowance of interest from December 30, 1900, claiming that it should have been only from May 5, 1902, the date of the last payment on account by him, and (b) to the allowance of $7.94 attorney's commissions for the District Court.

The claim that interest should have been calculated only from May 5, 1902, is based upon the provision of Section 1038 of the Civil Code of 1859, (Civil Laws, Section 1290) that "in all actions of debt, account, or assumpsit, brought to recover any balance due upon a mutual, open and current account, the cause of action shall be deemed to have accrued, from the time of the last item proved in such account." That section is part of the chapter relating to the time of commencing personal actions and was probably intended to apply only to that subject; but, however that may be and whatever in the absence of statute, may be the law in the case of mutual accounts, this is not such a case.

The bill of particulars in this case shows items of goods furnished and labor performed extending over the period from September 10, 1900, to November 30, 1901. Although the formal judgment purports to allow interest on the total principal from December 28, 1900, to September 30, 1902, the date of entry of judgment, the sum awarded, $17.70, was in fact arrived at by computing interest on the amount of each of four bills rendered during that period and covering the goods sold and labor performed up to their respective dates, and then deducting from the total interest on each of the three partial payments made by

defendant. The general rule is that interest as damages for the breach of a contract should be computed from the date of the breach, or, in other words, from the accrual of the right of action. 16 Am. & Eng. Encycl. Law, 2nd ed., 1040, 1041. Whether or not it might have been allowed from an earlier date, interest in this case was properly allowed from the date of the rendering of each bill.

As to attorneys' commissions. The statute which applies, reads: "In all the Courts of this Territory, in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees now taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, ten per cent on all sums to one hundred dollars, and two and one-half per cent in addition on all sums over one hundred dollars, to be computed on the excess over one hundred dollars. The above fee shall be assessed on the amount of the judgment obtained by the plaintiff and upon the amount sued for, if the defendant obtain judgment." The plaintiff contends that the words, "in all the courts of this Territory," authorize any court on appeal to award attorneys' commissions, not only upon the amount recovered in that court but also upon the amount recovered in the court or courts through which the case has already passed. We do not so construe the statute. While each court is authorized to tax attorneys' commissions, the amount of the award is specifically limited by the statute to the rate prescribed, "on the amount of the judgment obtained by the plaintiff" and is "to be included in the sum for which execution may issue." The only judgment that answers the description of the statute is that obtained in the Circuit Court. The District Court judgment was no longer in effect when the Circuit Court entered its judgment.

The order allowing attorneys' commissions for the District Court and the judgment are set aside and the cause is remanded to the Circuit Court for such further proceedings as may be necessary.

*F. J. Russell* for plaintiff.

*Achi & Johnson* for defendant.